CIRCUIT COURT OF THE CITY OF RICHMOND

L. J. Peyronnet & Son

v.

James L. Cobb et al.

May 17, 1982

Case No. LC-345

By JUDGE JAMES EDWARD SHEFFIELD

I have reviewed the record in the captioned matter and am of the opinion that the defendant's motion for summary judgment and to strike the plaintiff's evidence is overruled and that judgment should be entered for the plaintiff.

Where there are no decisions on point, I am of the opinion that the plaintiff's failure to obtain a plumbing permit does not bar his recovery for the work performed, especially in this case where his work was inspected and finally approved by the City plumbing inspector. To hold otherwise would amount to a forfeiture by the plaintiff which the law abhors and discourages and an unjust enrichment to the defendant.

This case is distinguishable from those cited by counsel for the defendants which stand for the general proposition that an unlicensed contractor is barred from recovering on a construction contract. In those cases, the courts have held that the unlicensed contractor did not have the capacity to enter into the contract and are based upon public policy considerations. In the instant case, the plaintiff-plumber was not required to be licensed and had legal capacity to enter into the contract, and in fact substantially

performed the contract, and [there was] an absence of any public policy considerations because of the participation of the City inspector.

Further, I find that the plaintiff duly established the value of his services and that that value was reasonable.

The plaintiff is therefore entitled to a judgment for the amount sued for less a credit to the defendants in the amount of $75.00 for work that had to be redone.